IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTINA and JEFFREY TERRY,      )
husband and wife, each individually and )
on behalf of their minor child, G. TERRY, )
and on behalf of all others similarly     )
situated,                                 )
                                          )
                    Plaintiffs,           )
                                          )
v.                                        )      Case No. CIV-18-0415-C
                                          )
HEALTH CARE SERVICE                       )
CORPORATION, a mutual legal reserve       )
Company, d/b/a BLUE CROSS AND             )
BLUE SHIELD OF OKLAHOMA,                  )
                                          )
                    Defendant.            )

MEMORANDUM OPINION AND ORDER

Defendant Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Oklahoma ("BCBSOK") moves the Court to stay the discovery proceedings during the resolution of Defendant's summary judgment motion. (See Dkt. No. 56.) This Court has detailed the facts of the case in its prior Memorandum and Opinion Order. (See Dkt. No. 29.) Defendant has now filed two separate—yet similar—stay requests with this Court. (See Dkt. No. 51; see also Dkt. No. 57.) Essentially, Defendant argues that a temporary discovery stay would promote judicial economy by halting class discovery issues that may be mooted upon summary judgment. Plaintiffs, however, maintain that a stay at this juncture is inappropriate. The matter is now before the Court.

## I.  Standard

District courts retain the "discretion to issue a stay pending the outcome of a dispositive motion."  <u>CEP Mid-Continent, LLC v. Turkey Creek, LLC</u>, No. 09-CV-350-CVE-FHM, 2010 WL 455128, at 1 (N.D. Okla. Feb. 2, 2010).  <u>See also</u> <u>Coastal States Gas Corp. v. Dep't of Energy</u>, 84 F.R.D. 278, 282 (D. Del. 1979) ("It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions.").  Indeed, such a stay is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  <u>Anza Tech., Inc., v. Xilinx, Inc.</u>, No. 17-cv-00687-WJM-MEH, 2017 WL 10379350 (D. Colo. Oct. 16, 2017) (internal quotation marks and citation omitted).  It is generally appropriate for a court to issue a stay where the case is likely to conclude upon a resolution of the dispositive motion—particularly where the facts sought through discovery would not affect the motion.  <u>See</u> <u>Kutilek v. Gannon</u>, 132 F.R.D. 296, 298 (D. Kan. 1990).

## II.  Discussion

Defendant asserts that it will likely prevail upon its motion for summary judgment regarding Plaintiffs' individual claims, and that Plaintiffs no longer seek discovery relevant to summary judgment.  (Def.'s Mot., Dkt. No. 51, p. 3.)  Thus, Defendant maintains, a discovery stay will ultimately preserve judicial resources because it will prevent possibly futile class discovery disputes, in the event that Plaintiffs' individual claims are ultimately dismissed.  (Def.'s Mot., Dkt. No. 51, p. 4.)  In response, Plaintiffs do not indicate that any further discovery is necessary to defeat summary judgment.  But they do object to

Defendant's need for a stay, suggesting the more prudent course would be to continue to address various discovery issues as they arise. (Pls.' Resp., Dkt. No. 54, p. 3).

Here, the Court finds that a discovery stay is appropriate. First, there are possible class discovery issues that could become moot upon the resolution of Defendant's summary judgment motion which is currently pending before the Court. (See Dkt. No. 56.) Moreover, Plaintiffs do not seek further discovery bearing upon summary judgment; thus, a temporary stay during the pendency of the summary judgment motion will not prejudice them. Accordingly, the Court finds that the interests of efficiency and judicial economy will be served by a temporary discovery stay during the resolution of Defendant's summary judgment motion.

CONCLUSION

Accordingly, Defendant's Motion to Temporarily Stay Class Discovery (Dkt. No. 51) and Motion to Stay Proceedings (Dkt. No. 57) are GRANTED.

IT IS SO ORDERED this 22nd day of February, 2019.

ROBIN J. CAUTHRON
United States District Judge