# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA TERRY, individually and on behalf of her minor child, GT, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, a mutual legal reserve company, d/b/a BLUE CROSS AND BLUE SHIELD OF OKLAHOMA,<br><br>Defendant. | Case No. CIV-18-00415-PRW |

## SUPPLEMENTAL PROTECTIVE ORDER

Now before the Court is the parties' Joint Motion for Supplemental Protective Order (Dkt. 112). This Court previously entered a Protective Order (Dkt. 43) on December 10, 2018, but has amended that protective order sua sponte by filing an Amended Protective Order (Dkt. 149) in conjunction with this Supplemental Protective Order. The Amended Protective Order (Dkt. 149) does not specifically address the production of the "Oklahoma Insurance Department - Market Conduct Examination Report - For the Period January 1, 2013 through May 23, 2016" ("OID Market Report") and the need asserted by Defendant for additional protections and restrictions with respect to this document and related discovery. As such, Plaintiff Christina Terry, individually and on behalf of her minor child, GT, and on behalf of others similarly situated ("Plaintiff"), and Defendant Health Care Service Corporation, a mutual legal reserve company, d/b/a Blue Cross and Blue Shield of

1

Oklahoma ("BCBSOK") (collectively, the "Parties") have reached agreement, and this Supplemental Protective Order shall govern discovery concerning the OID Market Report and related discovery in this matter as between the Parties. This Supplemental Protective Order supplements but does not replace the Amended Protective Order (Dkt. 149), which continues to apply to all materials subject to this Supplemental Protective Order, except as modified herein. Accordingly, to the extent any term, word, or phrase which was defined in the Amended Protective Order (Dkt. 149) is also used in this Supplemental Protective Order, the same definition for such term, word, or phrase shall apply herein.

For good cause shown, the Court **GRANTS** the parties' Joint Motion for Supplemental Protective Order (Dkt. 112) and enters the following Federal Rule of Evidence 502(d) and HIPAA Qualified Supplemental Protective Order governing the OID Market Report Material and related discovery. Accordingly, pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, discovery in the above-captioned lawsuit ("Proceeding") between the Parties shall be governed by the following provisions. The terms of this Supplemental Protective Order are as follows:

**1.    Information Designated Restricted Confidential - Highly Sensitive Information.** The OID Market Report and any other thing, material, testimony, or other information that reveals the content, in whole or in part, of the OID Market Report (collectively "Market Report Material") shall be designated "Restricted Confidential - Highly Sensitive Information."

The following conditions shall govern the production, review and use of information designated "Restricted Confidential - Highly Sensitive Information."

(a) No more than four individuals from the receiving Party who qualify under Paragraph 13(a) of the Amended Protective Order (Dkt. 149) may have access to the Market Report Material.

(b) No more than one paper copy of Market Report Material shall be produced by Defendant to the designated counsel for the receiving Party.

(c) Counsel for the receiving Party may only retain one printed copy of the Market Report Material at the offices of Edward L. White, PC and another at the offices of Logan & Lowry. In addition to paper copies, Edward L. White, PC and Logan & Lowry may each retain one electronic copy on their servers, which copy shall be password-protected with a password known only to the four individuals allowed to view the report. Counsel for the receiving Party may not make any additional copies—printed, electronic, or otherwise—of Market Report Material produced by Defendant during or after this Proceeding except to the extent that such copies must be made for the purposes of filing a pleading with the Court in accordance with Paragraph 1(d).

(d) Prior to filing with the Court any pleading, motion, memoranda, brief, deposition transcript, discovery request or response, exhibit, or other document containing Market Report Material, the Parties agree to file with the Court an Agreed Motion for Leave to File the Market Report Material under seal. In the event that the Court grants leave to file the Market Report Material under seal, the Market Report Material or any portions thereof shall

be redacted from all pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents filed with the Court, and an unredacted copy of the pleading shall be filed under seal pursuant to the procedures and rules governing sealed documents, consistent with Paragraph 10 of the Amended Protective Order (Dkt. 149) and as set forth in Section III.A of the Western District of Oklahoma's Electronic Filing Policies and Procedures Manual and the Civil Sealed Filing Instructions available at http://www.okwd.uscourts.gov/wp-content/uploads/2015/05/Civil-General-Instructions-Filing-Sealed-Documents.pdf. The inclusion of Market Report Material in a pleading shall not result in the entire pleading being filed under seal, but rather shall result only in the redaction of the Market Report Material.

(e)  If counsel for the receiving Party intends to use produced Market Report Material as an exhibit at a deposition of Defendant's employees, officers, or directors, counsel for Plaintiff will request (at least two business days in advance of the deposition) that counsel for Defendant bring a copy of the document to the deposition to be used for that purpose, which requests counsel for Defendant will accommodate. If Market Report Material is marked as a deposition exhibit, it shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(f)      Deposition transcripts or portions thereof that quote, discuss, or concern Market Report Material shall be designated as "Restricted Confidential - Highly Sensitive Information" on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Restricted Confidential - Highly Sensitive Information" within 30 days of receiving the transcript and exhibits and of so informing all other Parties of such designation.

(g)      The provisions of this Supplemental Protective Order shall continue in effect with respect to any material designated as "Restricted Confidential - Highly Sensitive Information" until expressly released by the producing Party of such material, and such effectiveness shall survive the final determination of this action. Within 60 days of the final determination of this action, all Market Report Material, including all copies, derivations, and summaries thereof, except for any copies filed with the Court pursuant to Paragraph 1(d), shall be either: (a) returned to the Producing party; or (b) destroyed or deleted, with a written certification provided to the Producing party.

**IT IS SO ORDERED this 4th day of June, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

# EXHIBIT A - AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER

1. I am familiar with and agree to be bound by the terms of the Fed. Rule of Evid. 502(d) and HIPAA Qualified Supplemental Protective Order (Dkt. 150) in Case No. CIV-18-00415-PRW, *Terry et al. v. Health Care Service Corp.*, pending in the United States District Court for the Western District of Oklahoma.

2. Except as permitted by Paragraph 1(c) of the Supplemental Protective Order, I will not make any copies of or notes concerning the Market Report Material.

3. I will not intentionally reveal the contents of "Restricted Confidential - Highly Sensitive Information" material to any unauthorized person. I will not intentionally use "Restricted Confidential - Highly Sensitive Information" material for any purpose other than the prosecution or defense of claims in this action.

4. I consent to the jurisdiction of the United States District Court for the Western District of Oklahoma (without any time limit) for the purpose of enforcing the Protective Order.

DATED this _____ day of _____, 20____.

BY: _____
(Signature)

_____
(Printed Name)

38835747.1